UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSAR EL MUHAMMAD,<br><br>           Plaintiff,<br><br>     v.<br><br>G. CAMP, et al.,<br><br>           Defendants. | No.  2:21-cv-1477 TLN DB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that defendants opened his legal mail outside his presence and failed to refer his grievance to internal affairs for further investigation.  Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his complaint (ECF No. 1) for screening.  For the reasons set forth below, the court will grant the motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  (ECF No. 2.)  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## SCREENING

### I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.   Allegations in the Complaint**

Plaintiff states the events giving rise to his claim occurred while he was incarcerated at Mule Creek State Prison ("MCSP"). (ECF No. 1 at 1.) He has identified the following individuals as defendants in this action: (1) G. Camp, MCSP mail room; (2) A. Philips, MCSP mail room; (3) B. Holmes, appeals coordinator; (4) H. Mosley, chief appeals branch; (5) John

3

Doe 1, grievance appeals coordinator; (6) John Doe 2, U.S. Postal Services Agent mailroom staff at MCSP; (7) John Doe 3, U.S. Postal Services Agent, mailroom staff at MCSP; (8) John Doe 4, U.S. Postal Services Agent, mailroom staff at MCSP. (Id. at 2-3.)

Plaintiff states that in February 2020 he filed a small claims action against various MCSP staff members based on disciplinary hearing proceeding that took place on February 7, 2019. (Id. at 4.) After plaintiff filed his claim in the Amador County Superior Court, the defendants "instituted methods of 'conspiratorial interference' with (his rights to confidential legal mail)" specifically, his right to have properly marked legal mail opened in his presence. (Id. at 4-5.)

Plaintiff alleges "defendants" failed to "maintain adequate supervision of U.S. Postal Service mail parcel security; training, compliance with their responsibilities and duties, and staffing" which resulted in the alleged rights violations.

Plaintiff states that on May 18, 2020 and August 28, 2020 defendants opened his properly marked legal mail. (Id. at 6-7.) He further states that they knew it was legal mail because "defendants even provided Plaintiff with the Attorneys Bar [number] and Address," confirming their awareness that the items were legal mail.[1]

He further alleges that the legal mail log was altered. (Id. at 7.) It is not clear exactly what plaintiff believes was changes. However, it appears the entries in the mail log stated that the mail was from an unknown sender, the United States District Court, and the Amador Superior Court. (Id. at 7.)

Plaintiff states that "defendants" continued their "illegal and conspiratorial actions" by failing to refer plaintiff's staff complaint to the office of internal affairs. (Id. at 7-8.)

**III.    Does Plaintiff State a Claim under § 1983?**

The allegations in the complaint are not clear or specific enough for the court to determine whether plaintiff states any cognizable claims. As set for the below, it is not clear whether the mail items plaintiff claims were opened outside his presence are items of legal mail or correspondence from the court. Further, the allegations in the complaint largely fail to specify

---

[1] It is not clear whether this attorney was representing plaintiff in the Amador County Superior Court action.

4

which defendants took adverse action against him.  The court also notes that plaintiff references exhibits but no exhibits were attached to the complaint.

Because the allegations are unclear clear the court has endeavored to identify claims raised in the complaint and will set forth the legal standards for each of the claims identified below.

### A. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights may support a § 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  A retaliation claim requires "five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); accord Watson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff claims that prison officials began opening his legal mail because he filed a lawsuit alleging officers violated his rights in connection with a disciplinary hearing.  (ECF No. 1 at 4-5.)  Such an allegation could potentially state a cognizable retaliation claim.  However, the allegations fail to state whether the officers' actions chilled plaintiff's exercise of his First Amendment rights or caused him to suffer a harm.

### B. Legal Mail

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  Nevertheless, prison officials have a legitimate governmental interest in imposing certain restraints on inmate or detainee correspondence to maintain order and security.  See Procunier v. Martinez, 416 U.S. 396, 413 (1974), overturned on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989).

The Sixth Amendment prohibits guards from reading prisoner legal mail and protects the right of a prisoner to be present while legal mail relating to criminal proceedings is opened.

Mangiaracina v. Penzone, 849 F.3d 1191 (9th Cir. 2017). However, merely negligent conduct on the part of prison officials is not sufficient to state a claim. Id.

Inmates also have a protected First Amendment interest in having properly marked civil legal mail opened only in their presence. Hayes v. Idaho Corr. Ctr., 849 F.3d 1204 (9th Cir. 2017). "[A] plaintiff need not allege a longstanding practice of violating his First Amendment rights in order to state a claim for relief on a direct liability theory." Id. at 1212. "Two or three pieces of mail opened in an arbitrary or capricious way suffice to state a claim." Id. at 1211 (quoting Merriweather v. Zamora, 569 F.3d 307, 318 (6th Cir. 2009)) (internal quotations omitted).

The First Amendment does not prohibit opening mail from the courts outside the recipient's presence because it is not legal mail. Hayes, 849 F.3d at 1211; see also Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) ("[M]ail from the courts, as contrasted with mail from a prisoner's lawyer, is not legal mail."). "[A]ll correspondence from a court to a litigant is a public document, which prison personnel could open if they want to inspect in the court's files." Keenan, 83 F.3d at 1094 (quoting Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987)).

Plaintiff claims defendants improperly opened his legal mail. (ECF No. 1 at 5-8.) However, the allegations in the complaint fail to adequately explain what items of mail were opened. It is unclear whether the items were correspondence with an attorney representing him or mail sent to plaintiff from the court. To state a claim for interference with his legal mail, a plaintiff must show just what a specific defendant did and explain why the defendant had no legitimate basis to do so. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). Thus, the allegations are not sufficiently clear for the court to determine whether the allegations state a cognizable claim. In any amended complaint, plaintiff should specify what items were improperly opened.

Additionally, to the extent plaintiff claims that the interference with his mail also violated applicable regulations or policies, there is no implied private right to sue civilly for violation of Title 15 of the California Code of Regulations or prison regulations. See e.g., Vasquez v. Tate,
////

1  No. 1:10-cv-1876-JLT (PC), 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012); Davis v.
2  Powell, 901 F. Supp. 2d 1196, 1211 (S.D. Cal. 2012).

### C. Access to the Courts

To the extent plaintiff intended to claim that his right of access to the courts was violated, he is advised that prisoners have a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). However, the right of access to the courts requires only that prisoners have the capability of bringing challenges to sentences or conditions of confinement. Lewis v. Casey, 518 U.S. 343, 356-57 (1996). The right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits. See Id. at 353 n. 3 & 354-55. Additionally, to state a claim for the denial of access to the courts, a prisoner must allege an actual injury. Id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Id.

Plaintiff has not alleged that the interference with his mail caused him prejudice in his Amador County Superior Court case or any other proceeding. Thus, he has not stated a cognizable claim for deprivation of his right to access the courts.

### D. Processing Grievances

Plaintiff alleges defendants violated his rights by failing to refer his grievance to internal affairs for further investigation. (ECF No. 1 at 7-8.)

Inmates have the right to petition the government for redress of grievances, including a right to pursue available prison administrative remedies. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). However, "[t]here is no legitimate claim of entitlement to a grievance procedure." Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), cert. denied, 488 U.S. 898 (1988). An allegation that prison officials failed to comply with grievance procedures or failed to resolve a particular grievance in a favorable manner is not cognizable under Section 1983. See e.g., Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (failure to process a grievance does not state a cognizable claim under § 1983).

////

Plaintiff's allegation that prison officials failed to refer his grievance to internal affairs for further investigation fails to state a cognizable § 1983 claim. Further, violation of prison regulations is not sufficient to show violation of a constitutional right sufficient to state a cognizable § 1983 claim.

### E. Doe Defendants/Specific Allegations

In many instances in the complaint, plaintiff alleges that "defendants" took various actions that violated his rights but fails to specify which defendant did what. Under § 1983, plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell, 436 U.S. at 692.

In order to state a cognizable claim, plaintiff must set forth specific factual allegations demonstrating how each defendant violated his rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Even if he can only list these defendants as John Doe, plaintiff should allege specific acts that each Doe defendant did, such as "John Doe 1 did X and John Doe 2 did Y." Alexander v. Tilton, No. 1:07-cv-0759 LJO DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009). In any amended complaint, plaintiff should endeavor to state with specificity which defendant did what

### IV. Amending the Complaint

As set forth above, the complaint does not state a cognizable claim. However, plaintiff will be given the opportunity to file an amended complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff

////

is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: December 3, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/muha1477.scm