1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANSAR EL MUHAMMAD,                        No.  2:21-cv-1477 TLN DB P

12              Plaintiff,

13        v.                                   ORDER

14   G. CAMP, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims that defendants opened his legal mail outside his presence and

19   failed to refer his grievance to internal affairs for further investigation.  Presently before the court

20   is plaintiff's amended complaint (ECF No. 11) for screening.  For the reasons set forth below, the

21   court will give plaintiff the option to proceed with the complaint as screened or file an amended

22   complaint.

23                              **SCREENING**

24   **I.        Legal Standards**

25        The court is required to screen complaints brought by prisoners seeking relief against a

26   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

27   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

28   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

2  U.S.C. § 1915A(b)(1) & (2).

3       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

9  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

10  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

11  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

12  AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

13  (1957)).

14       However, in order to survive dismissal for failure to state a claim a complaint must

15  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

16  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

17  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

18  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

19  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

20  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

21       The Civil Rights Act under which this action was filed provides as follows:

22      Every person who, under color of [state law] . . . subjects, or causes
    to be subjected, any citizen of the United States . . . to the deprivation
23      of any rights, privileges, or immunities secured by the Constitution .
    . . shall be liable to the party injured in an action at law, suit in equity,
24      or other proper proceeding for redress.

25  42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at

26  389.  The statute requires that there be an actual connection or link between the

27  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

28  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2

1    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

2    meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

3    omits to perform an act which he is legally required to do that causes the deprivation of which

4    complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

5         Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

6    their employees under a theory of respondeat superior and, therefore, when a named defendant

7    holds a supervisorial position, the causal link between him and the claimed constitutional

8    violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

9    Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

10   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

11   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

12   **II.     Allegations in the Complaint**

13        **A.  Claim 1**

14        Plaintiff states the events giving rise to the claim occurred while he was incarcerated at

15   Mule Creek State Prison ("MCSP").  (ECF No. 11 at 1.)  Plaintiff has identified the following

16   defendants: (1) G. Camp; (2) A. Phillips; (3) B. Holmes; (4) H. Mosley; and (5) Doe Defendants.

17   (Id.)

18        Plaintiff states that on April 22, 2020, Doe defendants employed at MCSP opened

19   properly labeled confidential legal mail outside of his presence and destroyed the return address.

20   (Id. at 4.)  In May 2020, Doe defendants employed at MCSP "obstructed his receipt of clearly

21   marked legal mail; opened the private correspondence outside of his presence."  (Id.)  He further

22   states that in August 2020, Doe defendants employed at MCSP "interfered with and/or obstructed

23   the confidential and private correspondence between plaintiff and BAR ATTORNEY Bradley

24   William Hertz . . . that was clearly marked 'LEGAL MAIL'."  (Id. at 4, 6.)

25        Plaintiff alleges that defendants explained their actions by informing plaintiff that

26   outgoing mail was not verified or tracked.  (Id. at 6.)  The response further indicated that only

27   incoming attorney correspondence was verified with the state bar.  Plaintiff claims the California

28   ////

3

1    Department of Corrections and Rehabilitation ("CDCR") Department Operations Manual

2    ("D.O.M.") contradicts the response provided.[1]

3           In August 2020, Doe defendants again violated D.O.M. by failing to open properly

4    marked legal mail in his presence.  (Id. at 6-7.)  He further claims that the Doe defendants

5    "willingly and knowingly . . . acted in conspiratorial concert with one another in an effort to

6    'cover-up'" federal mail crimes, destroyed the return address, opened it outside of his presence,

7    read the confidential contents, and falsified CDCR records.  (Id. at 7.)

8           The Doe defendants repeated the same actions in September 2020.  (Id.)  Plaintiff refused

9    to sign for the object of mail, and it was returned to the mailroom.  (Id. at 7-8.)  The Doe

10    defendants forwarded the same items of mail that had previously been opened outside his

11    presence.  (Id. at 8.)  Plaintiff alleges that the employees failed to follow the correct process.  (Id.)

12    Thereafter, the mailroom staff informed him that the envelope indicated it was generated from the

13    United States District Court, Sacramento Division.  (Id.)

14           Plaintiff argues that the allegations show that his First Amendment right to have "properly

15    marked civil legal confidential mail" opened in his presence.  (Id. at 8.)  Plaintiff claims that

16    opening such items of mail was in violation of D.O.M § 54010.12.1.  (Id. at 8.)  Plaintiff alleges

17    that some of his documents from the Amador County Civil division were not received.  He further

18    claims such actions chilled his "civil complaint efforts."  (Id. at 9.)

19          **B.  Claim 2**

20           Plaintiff alleges in April of 2020, B. Holmes "covered-up the 'misconduct of staff' by

21    circumventing investigations."  (ECF No. 11 at 5.)  Holmes retained plaintiff's administrative

22    grievance instead of referring it to the Allegation Inquiry Management Section.  Plaintiff alleges

23    Holmes reviewed and investigated his claims, then assigned Camp as the "Fact Finder/Gatherer in

24    an Investigation in which G. Camp investigated G. Camp."  (Id.)

25    ////

26

27

28

---

[1] The court notes that plaintiff references various exhibits throughout the complaint.  (ECF No. 11 at 6-8, 10, 13, 17.)  While exhibits are not required, there are no exhibits attached to the complaint. Additionally, the court notes that several pages of the complaint are out of order.  (Id. at 5, 12-14.)

When Mosley received plaintiff's appeal, he sent it back to the MCSP office of grievance with instructions to open a new investigation.  (Id. at 11.)  Plaintiff claims defendants Holmes, Camp, and Mosely took adverse action against him, here failing to properly handle his grievance, because of his status as an incarcerated individual and his ethnicity.  (Id. at 12.)  Plaintiff also alleges that Holmes began conspiring with others to retaliate against him after he filed a state lawsuit against Holmes and other MCSP employees.  (Id. at 13.)

Plaintiff states he filed a staff complaint on September 2, 2020, alleging Camp and Philips "disregard of their duties of which they are legally required to do."  (Id. at 15.)  After plaintiff filed a grievance, Phillips responded, but did not comply with prison regulations for handling legal mail that had been opened outside of plaintiff's presence.  (Id. at 16.)

**III.    Does Plaintiff State a Claim under § 1983?**

**A.  Legal Mail**

**1.  Legal Standards**

Prisoners have "a First Amendment right to send and receive mail."  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  Nevertheless, prison officials have a legitimate governmental interest in imposing certain restraints on inmate or detainee correspondence to maintain order and security.  See Procunier v. Martinez, 416 U.S. 396, 413 (1974), overturned on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989).

The Sixth Amendment prohibits guards from reading prisoner legal mail and protects the right of a prisoner to be present while legal mail relating to criminal proceedings is opened.  Mangiaracina v. Penzone, 849 F.3d 1191 (9th Cir. 2017).  However, merely negligent conduct on the part of prison officials is not sufficient to state a claim.  Id.

Inmates also have a protected First Amendment interest in having properly marked civil legal mail opened only in their presence.  Hayes v. Idaho Corr. Ctr., 849 F.3d 1204 (9th Cir. 2017).  The Ninth Circuit "recognize[s] that prisoners have a protected First Amendment interest in having properly marked legal mail [including civil mail] opened only in their presence."  Id., 1211 (9th Cir. 2017).  "[A] plaintiff need not allege a longstanding practice of violating his First Amendment rights in order to state a claim for relief on a direct liability theory."  Id. at 1212.

5

1    Isolated incidents of interference without any evidence of improper motive or interference with

2    the inmate's right to counsel or access to the courts fails to show a constitutional violation.  Smith

3    v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990).  "Two or three pieces of mail opened in an

4    arbitrary or capricious way suffice to state a claim."  Id. at 1211 (quoting Merriweather v.

5    Zamora, 569 F.3d 307, 318 (6th Cir. 2009)) (internal quotations omitted).

6          The First Amendment does not prohibit opening mail from the courts outside the

7    recipient's presence because it is not legal mail.  Hayes, 849 F.3d at 1211; see also Keenan v.

8    Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) ("[M]ail from the courts, as contrasted with mail from a

9    prisoner's lawyer, is not legal mail.").  "[A]ll correspondence from a court to a litigant is a public

10   document, which prison personnel could open if they want to inspect in the court's files."

11   Keenan, 83 F.3d at 1094 (quoting Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987)).

12                **2.  Analysis**

13         Plaintiff has alleged one instance where prison officials opened mail from an attorney.

14   (ECF No. 11 at 6.)  However, he has not identified named defendant responsible for this specific

15   violation.  The court cannot serve a doe defendant.  Montgomery v. Wong, 2:20-cv-1515 DB P,

16   2021 WL 1907161, at *4 (E.D. Cal. May 12, 2021).  Additionally, the other instances where

17   plaintiff claims his mail was improperly opened outside of his presence appear to involve mail

18   from the courts.  As previously stated, "mail from the courts, as contrasted with mail from a

19   prisoner's lawyer, is not legal mail."  Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996).

20         To the extent plaintiff claims that prison officials' interference with his mail violated

21   applicable regulations or policies, there is no implied private right to sue civilly for violation of

22   Title 15 of the California Code of Regulations.  See Holt v. Gardner, No. 1:19-cv-0772 LJO SAB

23   (PC), 2020 WL 130527, at *4 (E.D. Cal. Jan. 10, 2020) ("[E]ven if [an item of mail] constitutes

24   'legal mail' under CDCR regulations, that does not mean the mail also constitutes 'legal' mail

25   entitled to federal constitutional protections.") (citing Mann v. Adams, 855 F.2d at 640).

26         Because the complaint fails to identify a named defendant and does not show that prison

27   officials improperly opened mail outside of his presence plaintiff has failed to allege a potentially

28   cognizable claim.

6

**B. Retaliation**

**1. Legal Standards**

Allegations of retaliation against a prisoner's First Amendment rights may support a § 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  A retaliation claim requires "five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); accord Watson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

**2. Analysis**

Plaintiff has alleged that he filed a state court action against MCSP officers in February 2020.  Holmes was a named defendant in that case.  (ECF No. 11 at 13.)  He claims that after the lawsuit was filed, Holmes began conspiring with other officers to retaliate against him.  (Id.)  Plaintiff claims the adverse action Holmes took was mishandling a grievance plaintiff filed regarding the mail issues.  The court finds such allegations state a potentially cognizable retaliation claim against Holmes.  The allegations do not indicate whether the other named defendants took adverse action against plaintiff based on his protected activity.

**C. Access to the Courts**

**1. Legal Standards**

To the extent plaintiff intended to claim that his right of access to the courts was violated, he is advised that prisoners have a First Amendment right to petition the government through the prison grievance process.  See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).  However, the right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement.  Lewis v. Casey, 518 U.S. 343, 356-57 (1996).  The right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits.  See Id. at 353 n. 3 & 354-55.  Additionally, to state a claim for the denial of access to the courts, a

1    prisoner must allege an actual injury.  Id. at 349.  "Actual injury" is prejudice with respect to

2    contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-

3    frivolous claim.  Id.

4            **2.  Analysis**

5            Plaintiff alleges that some of his civil documents were confiscated, and he was later

6    notified that his subpoenas for witnesses and evidence were not filed by the court.  (ECF No. 11

7    at 10.)  However, the complaint does not indicate whether this issue caused him prejudice with

8    respect to this case.  Lewis, 518 U.S. at 349.  Additionally, he has not indicated which defendants

9    were responsible for mishandling his mail.  Under § 1983, plaintiff must demonstrate that each

10   named defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297

11   F.3d 930, 934 (9th Cir. 2002).  Accordingly, this claim will be dismissed with leave to amend.

12           **D.  Conspiracy**

13               **1.  Legal Standards**

14           In the context of conspiracy claims brought pursuant to § 1983, a complaint must "allege

15   [some] facts to support the existence of a conspiracy among the defendants."  Buckey v. County

16   of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police

17   Department, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired or

18   acted jointly in concert and that some overt act was done in furtherance of the conspiracy.  Sykes

19   v. California, 497 F.2d 197, 200 (9th Cir. 1974).

20           A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of

21   the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001)

22   (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir.

23   1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450

24   F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d

25   1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the

26   exact details of the plan, but each participant must at least share the common objective of the

27   conspiracy.'"  Franklin, 312 F.3d at 441 (quoting United Steel Workers of Am., 865 F.2d at

28   1541).

Section 1985 proscribes conspiracies to interfere with an individual's civil rights.  To state a cause of action under § 1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act done by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage, or deprivation of any right or privilege of a citizen of the United States.  Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971).  Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions.  Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

The Ninth Circuit has held that a claim under § 1985 must allege specific facts to support the allegation that defendants conspired together.  Karim-Panahi, 839 F.2d at 626.  A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985.  Id.; Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1991).  "Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985."  Cerrato v. S.F. Cmty. Coll. Dist., 26 F.3d 968, 971 n.7 (9th Cir. 1994). "A claim can be stated under [§] 1986 only if the complaint contains a valid claim under [§] 1985."  Karim-Panahi, 839 F.2d at 626.

### 2.  Analysis

The allegations in the complaint are too conclusory to state a cognizable claim.  Plaintiff concludes that defendants began conspiring against him after he filed a state lawsuit.  However, he has not alleged facts showing an agreement.  Stating that defendants "acted in concert" is not sufficient to allege a conspiracy.  Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989) ("To state a claim for a conspiracy to violate one's constitutional rights under § 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy.")  Accordingly, the complaint fails to state a potentially cognizable conspiracy claim.////

### IV.   Amending the Complaint

Plaintiff has alleged a potentially cognizable retaliation claim against defendant Holmes.  However, as set forth above, the complaint does not contain any additional potentially cognizable claims.  Accordingly, Plaintiff will be given the option to file an amended complaint or proceed

immediately with his cognizable claim.  Plaintiff is advised that in an amended complaint he must

clearly identify each defendant and the action that defendant took that violated his constitutional

rights.  The court is not required to review exhibits to determine what plaintiff's charging

allegations are as to each named defendant.  The charging allegations must be set forth in the

amended complaint, so defendants have fair notice of all claims plaintiff is presenting.  That said,

plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should

provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought

in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

of a constitutional right if he does an act, participates in another's act or omits to perform an act

he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading.

E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.

Any amended complaint should contain all of the allegations related to his claim in this action.  If

10

plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Plaintiff states a potentially cognizable retaliation claim against defendant Holmes as set forth in Section III above.  The complaint does not contain any additional cognizable claims. Accordingly, plaintiff will have the option of proceeding with the complaint as screened or filing an amended complaint.

2.  Within twenty (20) days of the date of service of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

3.  Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  June 20, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/muha1477.scrn2(2.0)

11

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

ANSAR EL MUHAMMAD,                              No.  2:21-cv-1477 TLN DB P

12

               Plaintiff,

13

      v.                                                        PLAINTIFF'S NOTICE ON HOW TO
                                             PROCEED

14

G. CAMP, et al.,

15

               Defendants.

16

17

Check one:

18

19

_____     Plaintiff wants to proceed immediately on his retaliation claim against Holmes.  Plaintiff

20

           understands that by going forward without amending the complaint he is voluntarily

21

           dismissing the other claims and defendants.

22

23

_____     Plaintiff wants to amend the complaint.

24

25

DATED:_____

26

                                      _____

27

                                      Ansar El Muhammad
                                      Plaintiff pro se

28

12